IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERIC HOUSTON, #16891-074,**

    **Plaintiff,**

vs.                                                    Case No. 4:15cv63-WS/CAS

**P.A. ZIMMERMAN, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, sought to initiate a civil rights action in this Court on February 9, 2015. Plaintiff submitted a § 1983 complaint, doc. 1, but did not submit in forma pauperis motion. However, review of the complaint reveals that Plaintiff is a federal prisoner who is incarcerated in Lewisburg, Pennsylvania as are all named Defendants in this case. Doc. 1 at 2.

Plaintiff's complaint is nearly illegible, just as his prior submissions have been. In January 2015, Plaintiff submitted two cases to this Court, case no. 4:15cv10 and case no. 4:15cv11. Report and Recommendations are pending in both of those cases, recommending transfer to Pennsylvania. Review of this case indicates that the event or issue Plaintiff intends to litigate must also have taken place in Pennsylvania. This Court

does not have jurisdiction over parties in Pennsylvania.  The appropriate forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 118(b) is in the United States District Court for the Middle District of Pennsylvania, Lewisburg Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Pennsylvania, Lewisburg Division, for all further proceedings, including instructions for Plaintiff to either pay the filing fee or submit an in forma pauperis motion, if he is not barred by § 1915(g) from doing so.

**IN CHAMBERS** at Tallahassee, Florida, on February 12, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.